UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROSEANNA COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| NATIONAL MANAGEMENT | ) |
| RECOVERY CORP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROSEANNA COX ("Plaintiff"), by and through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, NATIONAL MANAGEMENT RECOVERY CORP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-5, et seq. ("ADTPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim contained within because it is so related to the claim in the action within such original jurisdiction that it forms part of the same case or controversy

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Madison, Limestone County, State of Alabama.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Plaintiff is, and at all times mentioned herein, a "person" as defined by § 8-19-3(5) of the ADTPA.

12. Defendant is, and at all times mentioned herein, a "person" as defined by § 8-19-3(5) of the ADTPA.

13. Defendant is, and at all times mentioned herein, engaged in "trade" or "commerce" as defined by § 8-19-3(8) of the ADTPA.

14. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

15. Defendant is a Florida business corporation and national debt collection agency headquartered in the City of Coral Springs, Broward County, State of Florida.

16. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

18. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a RISE Credit account.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. Within the past year, Defendant began placing collection calls to Plaintiff on her cellular telephone number of 256-426-8435 in an attempt to collect the alleged debt.

25. Defendant's collectors call Plaintiff from several telephone numbers, including 256-837-6110, which is one of Defendant's telephone numbers.

26. Two of Defendant's collectors that have called Plaintiff have identified themselves as Michael Johnson ("Johnson") and Simone Cox ("Cox").

27. Defendant's collectors also leave voicemail messages for Plaintiff.

28. With regard to the above-referenced voicemail messages:

    a. Defendant's collectors failed to disclose that the calls were from National Management Recovery Corp;

    b. Defendant's collectors failed to disclose that the calls were made in an attempt to collect a debt;

    c. Defendant's collectors made veiled and vague threats of legal or other action; and

    d. Defendant's collectors provided 844-544-9135 and 844-455-1333 as their callback numbers—which are two of Defendant's telephone numbers.

29. In or around June 2020, Plaintiff spoke to Defendant's collector, Ms. Cox.

30. During the above-referenced collection call:

    a. Defendant's collector insinuated that Plaintiff had committed a crime by not paying the alleged debt;

    b. Defendant's collector threatened to "seize" Plaintiff's bank account if Plaintiff did not pay the alleged debt immediately;

    c. In response to this threat, Plaintiff offered to pay $400 biweekly until the alleged debt was paid in full;

    d. Defendant's collector accepted Plaintiff's payment plan proposal; and

    e. Plaintiff gave Defendant's collector Plaintiff's bank account information.

31. Once Plaintiff had a chance to allow the above-referenced telephone conversation to sink in, and after the shock wore off, Plaintiff could sense that something was not right about how she was coerced into payment of the alleged debt.

32. Plaintiff promptly contacted her bank to stop payment on the above-referenced payments.

33. Once Defendant's collector, Ms. Cox found out that Plaintiff had put a stop payment on

the above-referenced payments, she called Plaintiff.

34. During the above-referenced collection call:

   a. Defendant's collector again threatened to "seize" Plaintiff's bank account if Plaintiff did not pay the alleged debt immediately;

   b. In response to this threat, Plaintiff made a $645 payment over the phone; and

   c. Defendant's collector ordered Plaintiff to send an email to vanessa@nationalrecovery.net to confirm that Plaintiff was authorizing the payment.

35. "Seiz[ing]" Plaintiff's bank account is not a remedy that is available to Defendant.

36. *Arguendo*, even if Defendant were lawfully able to levy/garnish funds from Plaintiff's bank account, it would only be able to do so after obtaining a judgment against Plaintiff and following prescribed post-judgment remedies provided by Alabama state law.

37. Moreover, even if Defendant were lawfully able to levy/garnish funds from Plaintiff's bank account, it could do so unilaterally—that is, there would be no need to make unlawful threats to Plaintiff.

38. To date, Defendant has not sued Plaintiff.

39. Defendant has never intended to sue Plaintiff.

40. The above-referenced empty and unlawful threats were calculated to frighten Plaintiff and coerce Plaintiff to pay the alleged debt.

41. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

42. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

43. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff fully incorporates and re-alleges paragraphs 1 through 43 as if fully set forth herein under Count I of Plaintiff's Complaint.

45. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendant violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Defendant's collector insinuated that Plaintiff had committed a crime;

    c. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors left voicemail messages for Plaintiff that failed to disclose that the call came from National Management Recovery Corp;

    d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

    e. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collector made unlawful and empty threats of legal action ("seizing" Plaintiff's bank account) to Plaintiff if Plaintiff did not pay the alleged debt;

6

f.  Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collector made empty and unlawful threats to Plaintiff that Defendant will "seize" Plaintiff's bank account if Plaintiff did not pay the alleged debt;

g.  Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collector made empty threats to Plaintiff that Defendant will "seize" Plaintiff's bank account if Plaintiff did not pay the alleged debt;

h.  Defendant violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant's collector implied that Plaintiff had committed a crime by not paying the alleged debt;

i.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

j.  Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors left voicemail messages for Plaintiff that did not state that the communications were made in an attempt to collect a debt;

k.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

l. Defendant violated § 1692f(6) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Defendant's collector unlawful and made empty threats to Plaintiff that Defendant will "seize" Plaintiff's bank account if Plaintiff did not pay the alleged debt.

WHEREFORE, Plaintiff, ROSEANNA COX, respectfully requests judgment be entered against Defendant, NATIONAL MANAGEMENT RECOVERY CORP, for the following:

46. Actual damages to be determined at trial;

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

50. Plaintiff fully incorporates and re-alleges paragraphs 1 through 43 as if fully set forth herein under Count II of Plaintiff's Complaint.

51. Defendant's foregoing conduct violated the ADTPA as it was engaging in unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

WHEREFORE, Plaintiff, ROSEANNA COX, respectfully requests judgment be entered against Defendant, NATIONAL MANAGEMENT RECOVERY CORP, for the following:

52. Actual damages, or the sum of $100, whichever is greater, pursuant to § 8-19-10(a)(1) of the ADTPA;

53. Treble damages pursuant to § 8-19-10(a)(2) of the ADTPA;

54. Costs and reasonable attorneys' fees pursuant to § 8-19-10(a)(3) of the ADTPA; and

55. Any other relief that this Honorable Court deems appropriate.

DATED: November 06, 2020

Respectfully submitted,
WALKER MCMULLAN, ATTORNEYS

By: /s/ M. Brandon Walker
M. Brandon Walker
Walker McMullan, Attorneys
242 West Valley Avenue, Suite 312
Birmingham, AL 35209
Tel: 205-417-2541
brandon@walkermcmullan.com
Attorney for Plaintiff